IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| DOROTHY SNOW, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 3:11-cv-813-MEF |
| ) | (WO – Publish) |
| BOSTON MUTUAL LIFE INSURANCE ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |

# MEMORANDUM OPINION AND ORDER

## I. INTRODUCTION

Now before the Court is Plaintiff Dorothy Snow's ("Snow") Objection to Bill of Costs (Doc. #107), filed on November 25, 2013. Snow asks the Court to sustain her objections and to deny Defendant Boston Mutual Life Insurance Company's ("Boston Mutual") Bill of Costs (Doc. #106), filed on November 22, 2013. Having considered Snow's objections and the relevant legal authorities, the Court finds that Snow's objections are due to be SUSTAINED IN PART and OVERRULED IN PART and that Boston Mutual's Bill of Costs is due to be GRANTED IN PART and DENIED IN PART.

## II. BACKGROUND AND PROCEDURAL HISTORY

This is an ERISA case filed by Snow against Boston Mutual in the Circuit Court of Randolph County, Alabama for payment of certain life insurance benefits under a policy issued to her husband and underwritten by Boston Mutual. On September 28, 2011, Boston

1

Mutual removed the case to this Court, invoking its jurisdiction under 28 U.S.C. § 1331 (federal question) and § 1332 (diversity). A two-day bench trial was held June of 2013, which resulted in a verdict in favor of Boston Mutual. (Doc. #89.) This Court entered a Final Judgment on August 19, 2013, and taxed costs against Snow. (Doc. #90.) On August 30, 2013, Snow filed a Motion to Alter or Amend Judgment Under Rule 59 of the Federal Rules of Civil Procedure (Doc. #91), which the Court denied on October 18, 2013 (Doc. #99). Snow filed her Notice of Appeal ten days later, on October 28, 2013. (Doc. #100.)

On November 22, 2013, Boston Mutual, as the prevailing party filed its Bill of Costs (Doc. #106), in which it requests reimbursement for $3,812.52 in costs. These costs were expended for docketing fees ($350.00), fees for service of summons and subpoena ($154.00), fees for obtaining transcripts ($772.40), fees for witnesses ($1,052.69), and copying fees ($1,483.43). Snow filed her Objection to Bill of Costs (Doc. #108) on November 25, 2013. Snow first objects to the timeliness of Boston Mutual's Bill of Costs, claiming Boston Mutual waived its right to costs by failing to comply with Local Rule 54.1(a), which requires requests for costs be filed with the Clerk within 35 days after entry of a final judgment from which an appeal may be taken. Snow subsequently objects to the taxing of costs for the copy of the trial transcript, which she claims was never used in connection with the case, and therefore, was not necessarily obtained for use in the case. Finally, Snow objects to the taxing of copying costs as unnecessary and excessive.

### III. DISCUSSION

Federal Rule of Civil Procedure Rule 54(d)(1) awards costs, other than attorney's fees,

2

to the prevailing party. Fed. R. Civ. P. 54(d)(1). A district court has "broad discretion in determining whether and to what extent prevailing parties may be awarded costs." *See, e.g.*, *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 945 (7th Cir. 1997). In awarding costs, the district court must determine that the costs claimed were necessary and the amount claimed is reasonable. *See, e.g.*, *Majeske v. City of Chicago*, 218 F.3d 816, 824 (7th Cir. 2000) *cert. denied* 531 U.S. 1079 (2001).

**1. Timeliness**

Snow argues that Boston Mutual waived its request for taxation of costs by not timely filing its Bill of Costs within 35 days of the entry of the Final Judgment as required by the Middle District's Local Rules. It is undisputed Boston Mutual filed its Bill of Costs on November 22, 2013, 95 days after the Court's August 19, 2013 Final Judgment (Doc. #90). In response, Boston Mutual claims Snow's Rule 59 Motion to Alter or Amend Judgment (Doc. #91) tolled the time to file a motion for costs and therefore its Bill of Costs was timely filed on November 22, 2013, 35 days from the date the Court denied Smith's Rule 59 Motion on October 18, 2013 (Doc. #99). The issue before the Court is what effect a Rule 59 motion has on the deadline to timely make a request for taxation of costs under Local Rule 54.1(a). Resolution of this issue is decidedly easier than Snow would lead the Court to believe.

Federal Rule of Civil Procedure 54(d)(1) states that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Rule 54(d), however, does not impose a specific deadline on the prevailing party by which to file a motion for costs; instead,

3

the rule leaves it up to district courts' local rules to fill in the gap. The relevant local rule in the Middle District of Alabama states, "[r]equests for taxation of costs (other than attorneys' fees) under Fed. R. Civ. P. 54(d) shall be filed with the Clerk within 35 days after entry of final judgment from which an appeal may be taken. Failure to file within this time period will be deemed a waiver." M.D. Ala. LR 54.1(a). Local Rule 54.1(a) is silent as to what qualifies as a final judgment for purposes of triggering the 35-day deadline when a Rule 59 motion is filed. The Eleventh Circuit, however, has made clear that a judgment does not qualify as a final judgment for purposes of calculating a deadline to file a request for costs until after a post-trial motion, such as a motion under Rule 59, is decided by the district court. *See, e.g.*, *Members First Fed. Credit Union v. Members First Credit Union of Fla.*, 244 F.3d 806, 807 (11th Cir. 2001); *Gladames v. N & D Inv. Corp.*, 432 Fed. App'x 801 (11th Cir. 2011); *Jones v. Comm. Newspaper, Inc.*, 2006 WL 3734304, at *2 (M.D. Fla. Dec. 15, 2006).

In *Members First*, the Eleventh Circuit examined what effect a Rule 59 motion had on a scheduling order that set a deadline to move for attorney's fees "within 30 days after judgment." *Id.* The Court held that the Rule 59 motion "suspend[s] the finality of the district court's judgment pending the court's further determination whether the judgment should be modified . . ." *Id.* Therefore, the judgment did not become final for purposes of calculating the 30-day deadline to move for attorney's fees under the scheduling order until the Rule 59 motion was decided. *Id.*

Recognizing the directive of *Members First* and its progeny, Snow argues that the decision is distinguishable and not binding. The Court disagrees. Snow first argues that the

2009 Amendment to Rule 59 of the Federal Rules of Civil Procedure and the 2009 and 2011 Amendments to Rule 4 of the Federal Rules of Appellate Procedure undermined the rationale of *Members First* such that a Rule 59 motion no longer suspends the finality of a judgment and therefore does not toll the deadline to move for costs under Local Rule 54.1(a). The 2009 Amendment to Rule 59 lengthens the deadline for filing a motion for new trial or to alter or amend a judgment from ten to twenty-eight days after entry of judgment. Fed. R. Civ. P. 59 (Committee Notes, 2009 Amendment). The 2009 Amendment to Rule 4 does not alter the time for taking an appeal when a Rule 59 motion is filed, but instead addresses when a new notice of appeal is required following a district court's ruling on a Rule 59 motion. Fed. R. App. P. 4 (Committee Notes, 2009 Amendments). The 2011 Amendment to Rule 4 applies to suits where the United States is a party. *Id.* (Committee Notes, 2011 Amendments). The Court cannot decipher, nor has Snow explained, how any of these amendments affect whether a Rule 59 motion postpones the finality of a district court judgment and therefore renders *Members First* obsolete. As Boston Mutual points out, since the 2009 and 2011 amendments, district courts in other districts have still looked to *Members First* for guidance when addressing this issue. *See, e.g. Deep v. Glenn Coin*, 453 Fed. App'x 49, 55 (2d Cir. 2011); *Wilson v. Porreco*, 2013 U.S. Dist. LEXIS 130889, at *5 (D.D.C. Sept. 13, 2013. Courts have refused to follow *Members First* only where the local rule itself expressly bars a post-trial motion from tolling a particular deadline. *See Glenn Coin*, 453 Fed. App'x at 55 (finding a bill of costs to be untimely where the N.D.N.Y. Local Rule 54.1(a) expressly provided that "[p]ost trial motions shall not serve to extend the time within

which a party may file a verified bill of costs as provided in this Rule, except upon a showing of good cause or an order extending time" and the defendant failed to file a motion to extend). This Court's Local Rule 54.1(a) does not expressly bar a post-trial motion from suspending the finality of a deadline. In fact, the plain language of the rule suggests the opposite. Local Rule 54.1(a) states that the starting point for calculating the 35-day deadline is "35 days after entry of a final judgment from which an appeal may be taken." It is well settled that once a Rule 59 motion is filed, the opportunity to appeal the final judgment disappears and does not re-appear until after the motion is decided. *See* Fed. R. App. P. 4; *see also Stone v. I.N.S.*, 514 U.S. 386, 402–403 (1995) ("The majority of post-trial motions, such as Rule 59, render the underlying judgment nonfinal (thus tolling the time for taking an appeal) . . .") Thus, there is no "final judgment from which an appeal may be taken" from which the 35-day deadline can be said to commence until after the Rule 59 motion has been decided.

Snow also argues that *Members First*, which was decided in the context of a Rule 54(d)(2)(B) motion for attorney's fees, does not apply to a Rule 54(d)(1) motion for costs. However, the underlying principle that a post-trial motion postpones the finality of a judgment applies equally to a motion for attorney's fees and a motion for costs, and Snow has presented no authority to suggest otherwise. The Court, therefore, construes the rationale of *Members First* to also toll the deadline to file requests for taxation of costs under Rule 54(d)(1) and Middle District of Alabama Local Rule 54.1(a). *See Harvey v. City of Bradenton, Fla.*, 2006 U.S. Dist. LEXIS 21405, at *4 (M.D. Fla. April 20, 2006) (applying

the rule in *Members First* to a motion for costs); *Wilson v. Porreco*, 2013 U.S. Dist. LEXIS 130889, at *5 (D.D.C. Sept. 13, 2013) (same); *Scottsdale Ins. Co. v. Tolliver*, 2009 U.S. Dist. LEXIS 15962, at *2 (N.D. Okla. Mar. 2, 2009) (same).

The Court finds no reason to deviate from the rule in *Members First*. In this case, the judgment only became "final" for the purposes of Local Rule 54.1(a) when the Court denied Snow's Rule 59 motion to Alter or Amend Judgment on October 18, 2013. Boston Mutual's Bill of Costs was filed 35 days later, on November 22, 2011, as permitted under the rules and, therefore, the motion is timely.

**2. Transcript Costs**

Snow next objects to Boston Mutual's inclusion of the cost of the trial transcript, which Boston Mutual requested on September 5, 2013, for the purpose of responding to Snow's Rule 59 motion. The cost of trial transcripts may be taxed against a losing party when such transcripts are "necessary for use in the case." 28 U.S.C. § 1920(2). Snow contends that the transcripts were not necessary because Boston Mutual did not receive them until September 18, 2013, two days after it filed its response to Snow's motion and, therefore, did not use them in preparation of their case. Snow's argument, however, misinterprets the standard. Whether the trial transcript was "necessary for use" depends not on whether it was "absolutely indispensable" and, therefore, necessarily used, but instead on whether it was "reasonably necessary." *See Amer. Home Assur. Co. v. The Phineas Corp.*, 2004 WL 3142554, at *1 (M.D. Fla. Sept. 17, 2004) (citing *Barber v. Ruth*, 7 F.3d 636, 644 (7th Cir. 1993)). Here, obtaining the trial transcript, from the vantage point of Boston Mutual at the

7

time they made the request, was "reasonably necessary" in order to respond to Snow's Rule 59 motion to alter or amend judgment. *See Denton v. DaimlerChrysler Corp.*, 645 F. Supp. 2d 1215, 1228 (N.D. Ga. 2009) (awarding costs for trial transcript as necessary to respond to opposing party's post-trial motions). The fact that Boston Mutual did not cite the trial transcript in its response to Snow's Rule 59 motion is not dispositive of the issue. *See Blevins v. Heilig-Meyers Corp.,* 184 F.R.D. 663, 666 (M.D. Ala. 1999) (awarding costs where party intended to use deposition transcripts even though they were not actually used in preparation for filing a dispositive motion). Because Boston Mutual did not delay in ordering the transcript once Snow filed its motion and requested her own copy of the trial transcript, Boston Mutual should not be accountable for its failure to become available until two days after the Rule 59 motion's response deadline. Accordingly, Snow's objection is overruled, and Boston Mutual is entitled to $772.40 for the cost of procuring the trial transcript.

### 3. Copy Costs

Finally, Snow objects to Boston Mutual's copying costs as being "unnecessary and excessive." In addition to transcripts, the items of costs that may properly be awarded pursuant to 28 U.S.C. § 1920 include "[f]ees for exemplification and the costs of making copies of any materials where copies are necessarily obtained for use in the case." 28 U.S.C. § 1920(4); *see also Desisto Coll., Inc. v. Town of Howey-in-the-Hills*, 718 F. Supp. 906, 913 (M.D. Fla. 1989) ("[c]opies attributable to discovery, copies of pleadings, correspondences,

documents tendered to opposing party, copies of exhibits, and documents prepared for the Court's consideration are recoverable") (internal citations omitted).  Photocopying costs are "necessarily obtained for use in the case" when "the prevailing party could have reasonably believed that it was necessary to copy the papers at issue."  *EEOC v. W&O Inc.*, 213 F.3d 600, 623 (11th Cir. 2000).  Costs for copies made merely for counsel's convenience, such as multiple copies of documents, are not recoverable.  *Helms v. Wal-Mart Stores, Inc.*, 808 F. Supp. 1568, 1570 (N.D. Ga. 1992).  The party moving for taxation of costs must present evidence "regarding the documents copied including their use or intended use," *Cullens v. Ga. Dept. of Trans.*, 29 F.3d 1489, 1494 (11th Cir. 1994), and "cannot simply make unsubstantiated claims that the copies of the documents were necessary," *see, e.g.*, *Monolus v. Tocodrian, Inc.*, 690 F. Supp. 2d 1328, 1335 (S.D. Fla. 2009) (citing *Helms* 808 F. Supp. at 1570 (N.D. Ga. 1992)); *Duckworth v. Whisenant*, 97 F.3d 1393, 1399 (11th Cir. 1996). The Court cannot award copying costs absent some evidence, such as an itemization, to determine whether the copies were necessary and reasonable and not for the convenience of counsel.  *See, e.g.*, *Desisto College*, 718 F. Supp. at 913 (declining to award costs for copies where defendants failed to itemize copies necessarily obtained for use in the case and those obtained for the convenience of counsel); *Guetzloe Group, Inc. v. Mask*, 2007 WL 2479335, at *4 (M.D. Fla. Aug. 28, 2007) ("[W]hile photocopies might be recoverable, [defendant] fails to itemize what the copies were for and fails to show that the copies were necessary to the case as opposed to being for counsel's convenience.").  This itemization, however, does not require a party "to submit a bill of costs containing a description so detailed as to make

9

it impossible to economically recover photocopying costs." *Northbrook Excess & Surplus Ins. Co. v. Proctor & Gamble Co.*, 924 F.2d 633, 643 (7th Cir. 1991).

Boston Mutual claims a total of $1,483.43 in copying costs for 11,411 copies (at $0.13 cents per copy) made between June 1, 2013, and June 30, 2013, in preparation for the two-day bench trial on June 18-19, 2013.  In its Reply brief, Boston Mutual substantiates these charges by explaining that the photocopies included copies of trial exhibits, Snow's trial exhibits, pleadings, pre-trial submissions, discovery requests and responses, copies of the Administrative Record, and documents for use by Boston Mutual's witnesses.  (Doc. #108.) While the Court recognizes these types of categories are generally recoverable, *see Desisto College*, 718 F. Supp. at 913, it cannot determine from the record, including the exhibits submitted in support of Boston Mutual's Bill of Costs, whether these materials were necessarily made for use at trial or for counsel's convenience.  And if Snow's assertion that she only made 2,718 copies over the same period is true, the Court questions whether it was reasonable for Boston Mutual to believe it was necessary to make over 11,000 copies. Because Boston Mutual has failed to adequately support its request for photocopying costs by failing to provide a basic itemization of what the copies were for and to what extent they were necessarily obtained for use in the case, Snow's objection is sustained.

### III.  CONCLUSION

In accordance with the foregoing, it is ORDERED as follows:

1. Snow's objection to the timeliness of Boston Mutual's Bill of Costs is OVERRULED;

10

2. Snow's objection to the cost of procuring the trial transcript is OVERRULED;

3. Snow's objection to the cost of making photo-copies is SUSTAINED;

4. Pursuant to Rule 54(d)(1) and 28 U.S.C. § 1920, $2,329.09 in costs are awarded to Boston Mutual for which execution may issue, said sum consisting of the amounts listed in the Bill of Costs less the request for copying costs.

DONE this the 19th day of February, 2014.

      /s/ Mark E. Fuller
UNITED STATES DISTRICT JUDGE